UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
:
JAVIER ROSARIO BONES, :
:
Petitioner, :
:
v. : No. 16-cv-125
:
SCI CHESTER, :
:
Respondent. :
_____ :

**O P I N I O N**
**Report and Recommendation, ECF No. 10—Adopted in part**

**Joseph F. Leeson, Jr.**                                                                         **August 17, 2018**
**United States District Judge**

## I. INTRODUCTION

Javier Rosario Bones filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 conviction following a guilty plea in the Court of Common Pleas for Lancaster County. *See* Pet. 1-2, ECF No. 1. Rosario Bones was convicted of delivery of heroin, 35 P.S. § 780-113(a)(30), and criminal use of a communication facility, 18 Pa. C.S. § 7512(a). *See* Pet. 1. In his petition, Rosario Bones argues that he was denied his right to a fair trial on two related cases that were *nol prossed* after his guilty plea. *See id.* Rosario Bones also contends that he did not accept the plea agreement knowingly and voluntarily and asks the Court to set it aside. *See id.* 15, 22. Prior to the petition, Rosario Bones unsuccessfully appealed his conviction to the Pennsylvania Superior Court on two grounds, arguing that: (1) the trial court erred by denying his request for new counsel, and (2) the trial court erred by denying his motion to withdraw his guilty plea because it was not knowingly and voluntarily entered. *See Commonwealth v. Rosario-Bones*, NO. 228 MDA 2014, 2014 WL 10889897, *2, *4 (Pa. Super.

Ct. Aug. 4, 2014). United States Magistrate Judge Thomas J. Rueter reviewed the petition and issued a Report and Recommendation (R&R), which recommends the petition be denied for two reasons: (1) Rosario Bones did not previously raise his claim that he was denied the right to a fair trial in the two *nol prossed* cases so the claim is unexhausted and (2) the Pennsylvania Superior Court correctly found that Rosario Bones's motion to withdraw his guilty plea was meritless because of his prior testimony that he voluntarily entered the guilty plea. Rosario Bones filed timely objections to the R&R. *See* Pet.'s Objs. 1, ECF No. 11. After de novo review, this Court adopts the R&R in part and dismisses the habeas corpus petition.[1]

## II.     FACTUAL AND PROCEDURAL HISTORY

After de novo review, and finding Rosario Bones's objections to the R&R's statement of background facts to be meritless, this Court adopts the background as summarized by Magistrate Judge Rueter in the R&R.

## III.    LEGAL STANDARD

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (noting that "providing a complete de novo determination where only a general objection to the report is offered would undermine the

---

[1] This Court observes that on June 26, 2016, Rosario Bones filed a Notice of Change of Address, which suggests that he is no longer in custody. ECF No. 12. After a petitioner's release from custody, a court considers his habeas case moot unless he "can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." *Leyva v. Williams*, 504 F.3d 357, 362–63 (3d Cir. 2007) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 441-42 (3d Cir. 2005)) (quotations omitted). However, a court may presume collateral consequences when a litigant challenges his conviction. *Id.* Rosario Bones's claim that his guilty plea was not knowing and voluntary challenges his conviction in Case No. 320-2012. Thus, in an abundance of caution, this Court presumes collateral consequences and addresses Rosario Bones's petition with respect to Case No. 320-2012.

efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The district court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

IV. ANALYSIS

    A. **Rosario Bones's objections to the background facts in the R&R are meritless.**

Rosario Bones presents several objections to Magistrate Judge Rueter's summary of the facts of his case. After de novo review, this Court finds that Magistrate Judge Rueter correctly stated the facts and that Rosario Bones's objections fail.

For example, Rosario Bones objects to Magistrate Judge Rueter's statement that, on January 9, 2013, Rosario Bones appeared in the Court of Common Pleas for Lancaster County to enter a negotiated guilty plea on Case Nos. 320-2012 and 1197-2012.[2] Rosario Bones objects that his attorney, Elizabeth Low, and Assistant District Attorney Matthew Daggett came up with the idea to enter into a guilty plea for Case Nos. 320-2012 and 1197-2012, and that he wanted to go to trial on Case Nos. 1197-2012 and 5530-2012. Regardless, the record supports Magistrate Judge Rueter's summary: on January 9, 2013, Rosario Bones originally told the court that he understood that he was pleading to both crimes. Assistant District Attorney Matthew Daggett read the cases for both Nos. 320-2012 and 1197-2012 on the record. *See* Resp. Ex. S at 2, ECF No. 8-1. The Honorable Dennis E. Reinaker then asked Rosario Bones if he understood that he was at court to plead guilty to the cases read by the district attorney, including both 1197-2012

---

[2] Rosario Bones misquotes the R&R as stating that he appeared to enter a plea on Case Nos. 320-2012 and 5530-2012.

and 320-2012, to which Rosario Bones responded yes. *See id.* at 3. As the proceedings went on, though, Rosario Bones's intention to go to trial in Case No. 1197-2012 became clear and the court refused to accept his guilty plea. *See id.* at 12. The R&R correctly summarized the background, and Rosario Bones's objections are overruled.

> **B.  This Court has no jurisdiction over Rosario Bones's claim that he was denied a fair trial in his two *nol prossed* cases.**

Although Magistrate Judge Rueter concluded that Rosario Bones had not exhausted his claim that he was denied a fair trial on his two *nol prossed* cases, this Court does not need to address exhaustion because it has no jurisdiction over that claim.[3] Federal courts have jurisdiction to hear petitions for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

This Court has no jurisdiction over Rosario Bones's claim that he was denied a fair trial on the two *nol prossed* cases because he is not "in custody pursuant to the judgment of a State court" with respect to those two cases. *See U. S. ex rel. Dessus v. Com. of Pa.*, 452 F.2d 557, 560 (3d Cir. 1971) ("Thus, custody is the passport to federal habeas corpus jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal habeas jurisdiction."). Rosario Bones did not receive a custodial sentence in the two *nol prossed*

---

[3] However, this Court does address Rosario Bones's objection to Magistrate Judge Rueter's conclusion that Rosario Bones did not exhaust his claim that his trial counsel was ineffective for not raising a Fourth Amendment suppression issue. Rosario Bones points to a settlement he received in a § 1983 suit alleging Fourth Amendment violations against one of the constables involved in his case as evidence that he exhausted his claims. However, he misunderstands the exhaustion requirement. Exhaustion requires a defendant to present a claim to the state court; Rosario Bones's § 1983 claim was a civil claim in federal court. In other words, Rosario Bones never raised the suppression issue in a direct or collateral appeal of his criminal case before a Pennsylvania state court.

4
081618

cases; in fact, he received no sentence at all.[4] To the extent that Rosario Bones argues that his desire to go to trial on Case Nos. 1197-2012 and 5530-2012 was ignored because of the plea agreement in Case No. 320-2012, his argument speaks to his claim that the plea agreement in Case No. 320-2012 was not knowing and voluntary, which this Court discusses below. But Rosario Bones cannot claim that he was denied a fair trial on his *nol prossed* cases because the Commonwealth dismissed the cases without conviction. Therefore, Rosario Bones cannot seek habeas relief from Case Nos. 1197-2012 and 5530-2012.

### C. Rosario Bones's objection to being assessed costs of prosecution is not a cognizable claim for habeas review.

Rosario Bones objects to being assessed costs for the case to which he pleaded guilty and his two dismissed cases because the plea agreement he signed did not provide for costs. Rosario Bones's argument does not challenge "the fact or duration of his confinement," and thus does not warrant habeas relief under 28 U.S.C. § 2254. *Wolf v. Cty. of Adams*, No. CV 3:18-0318, 2018 WL 2009073, at *2 (M.D. Pa. Apr. 30, 2018) (denying habeas petition challenging costs and fees). *See also Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) ("Federal habeas corpus review is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'"). Rosario Bones's objection is overruled.

### D. Magistrate Judge Rueter correctly concluded that Rosario Bones's guilty plea was knowing and voluntary.

Rosario Bones objects that the Commonwealth has not produced the original signed copy of his guilty plea and acknowledgment of post-sentence rights, and argues that it cannot do so

---

[4] Rosario Bones sought PCRA relief for Case No. 5520-2012, one of the two *nol prossed* cases. In his petition, Rosario Bones raised the argument that he had been denied a fair trial on his *nol prossed* cases. The Court of Common Pleas of Lancaster County recognized that Rosario Bones had no reason to seek relief from the *nol prossed* the cases and dismissed his PCRA petition on April 20, 2015. *See* Ex. D. to Objs.

because his guilty plea was involuntary. Although the Commonwealth does not attach the long form Guilty Plea Colloquy and Post-Sentence Rights, it does provide a signed copy of a short form Guilty Plea Colloquy that addresses the voluntary nature of Rosario-Bones's plea. *See* Resp. Ex. H. Additionally, during the plea colloquy, Rosario Bones acknowledged signing the long form waiver, *see* Resp. Ex. G at 14, and he acknowledged reviewing his appeal rights from the form with Ms. Low, *see id*. at 18.

Rosario Bones's objection fails because, even without a signed long form waiver, as Magistrate Judge Rueter found, the Superior Court of Pennsylvania correctly found that Rosario-Bones's plea was knowing and voluntary. The Court adopts Magistrate Judge Rueter's analysis of the voluntariness of the guilty plea. The Court cannot conclude that the Superior Court made an "unreasonable application of clearly established federal law" or an "unreasonable determination of the facts in light of the evidence presented" when it concluded that Rosario Bones's guilty plea was knowing and voluntary. *See* 28 U.S.C. § 2254(d).

## V. CONCLUSION

This Court does not reach the issue of whether Rosario Bones exhausted his claim that he was denied a fair trial on his *nol prossed* cases. After de novo review, Magistrate Judge Rueter's R&R is approved and adopted in all other regards and Rosario Bones's objections are overruled. The petition for habeas relief is denied.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge
